UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASHLEY RAMHOFF, | CASE NO. 1:23-cv-2433 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | **MEMORANDUM OPINION AND ORDER** |
| LLT MANAGEMENT LLC, *et al.*, | |
| Defendants. | |

On December 22, 2023, Defendants LLT Management LLC, Johnson & Johnson Consumer Inc., and Johnson & Johnson filed a notice of removal indicating that the case was being removed from state court because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1, PageID 2).  The notice of removal indicated, "[a]ll defendants that have been properly joined and served have consented to removal of this action." (ECF No. 1, PageID 7).  The notice of removal was signed by counsel for the three Defendants who filed the notice of removal.  (ECF No. 1, PageID 8).

In an effort to foreclose any procedural arguments concerning the rule of unanimity, the Court noted the lack of written consent by additional parties that were served prior to removal.  (ECF No. 16).  All Defendants then filed notices of consent to removal.  (ECF Nos. 17, 21, 24, 26, 27, 31, 34, 37, 41, 44).  Consequently, on January 17, 2024, the Court rescinded its prior order and noted that it was satisfied that the non-removing Defendants consented to removal to this Court.

On January 18, 2024, Plaintiff filed a motion to remand because the notice of removal was procedurally defective.  (ECF No. 50).  On January 31, 2024, Defendants Johnson & Johnson and

1

LLT Management, LLC opposed Plaintiff's motion arguing that the rule of unanimity has been satisfied in this case.  (ECF No. 57).  The Court agrees.

The Sixth Circuit has identified at least three ways to satisfy the rule of unanimity: "all parties that have been served or otherwise properly joined may (1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." *City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496, 501 (6th Cir. 2010).  In this case, all Defendants filed notices indicating that they provided consent to the removing parties in advance of the December 22, 2023 removal and indicating that they continue to consent to removal of this action.  (ECF Nos. 17, 21, 24, 26, 27, 31, 34, 37, 41, 44).  The Court finds that the unanimity requirement has been met and the motion for remand is not well-taken.

Accordingly, the Court **DENIES** Plaintiff's motion to remand.  (ECF No. 50).

The Court is in receipt of Plaintiff's motion to dismiss Defendant Johnson and Johnson Consumer Inc. (ECF No. 48), which appears to be filed in response to Johnson and Johnson Consumer Inc.'s motion to dismiss filed on December 28, 2023.  (ECF No. 9).  Plaintiff's motion to dismiss is unnecessary because Plaintiff may amend her complaint as a matter of course within 21 days after service of a 12(b) motion.  *See* Fed. R. Civ. P. 15(a)(1)(B).  The proper avenues for Plaintiff to remove Defendant Johnson and Johnson Consumer Inc. were either to amend her complaint or file a notice of dismissal, not move to dismiss the Defendant.  Consequently, Plaintiff's motion to dismiss (ECF No. 48) is **DENIED**, but the Court **GRANTS** Plaintiff leave to file an amended complaint or a notice of dismissal by March 14, 2024.

**IT IS SO ORDERED**.

Dated:  February 29, 2024

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**